UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CHARLES E. GORE,** | ) |
| Plaintiff, | ) |
| -v- | ) No.: 1:13-CV-2547-MHS-GGB |
| **JACOBS ENGINEERING GROUP,** | ) |
| Defendant. | ) |

## MOTION TO DISMISS AND INCORPORATED MEMORANDUM

Defendant Jacobs Engineering Group Inc. ("JEG"), by and through its undersigned counsel and pursuant to Fed.R.Civ.P. 12(b)(6), moves for dismissal of the Complaint filed by Plaintiff Charles E. Gore ("Plaintiff"), and shows the Court as follows:

### I. INTRODUCTION

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), establishes that the Plaintiff's claim for race discrimination, age discrimination and retaliation should all be dismissed. In *Twombly*, the United States Supreme Court made it clear that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1564-65.

Simply put, Plaintiff's discrimination and retaliation claims fail to pass the *Twombly* test. The ***only*** references to discrimination and retaliation appear in the preamble and conclusion of the Complaint, and those references are fleeting and conclusory at best. In the remaining five pages of the Complaint, however, the allegations asserted by Plaintiff offer ***no facts*** suggesting disparate treatment or retaliation based on any recognized protected classification. Accordingly, pursuant to *Twombly*, Plaintiff's Complaint should be dismissed.

## II. ARGUMENT AND AUTHORITIES

### A. The Standard for a 12(b)(6) Motion to Dismiss.

The United States Supreme Court set forth a new and more rigorous standard of pleading necessary to avoid dismissal in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). Under the *Twombly* standard, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Supreme Court has further defined the new standard as follows:

> The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-

> defendant-unlawfully-harmed me accusation. . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 129 S. Ct. at 1949-50 (internal punctuation and citations omitted). In *Iqbal*, the Supreme Court further explained:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.

*Id*.

The *Twombly*/*Iqbal* standard applies equally to Plaintiff despite his *pro se* status. *See*, *e.g.*, *Hopkins v. Saint Lucie Cnty. Sch. Bd.*, 399 Fed. App'x 563, 566-567 (11th Cir. 2010). While *pro se* litigants are afforded some leniency in pleading, even a *pro se* complaint must set forth sufficient facts to raise a right to relief above the speculative level. *Id*. As explained by one court:

> The *Twombly* pleading standard, even when applied to *pro se* plaintiffs, simply does not permit a court to 'reverse-engineer' a plaintiff's conclusion that he is entitled to relief. Instead, the plaintiff must plead facts and law showing why he is entitled to relief. He thus must assert non-conclusory allegations supporting the elements of his claims.

*Washington v. CSX Transportation (R.R.)*, 2009 U.S. Dist. LEXIS 129203, ** 4-5 (S.D. Ga. Mar. 9, 2009). As shown below, Plaintiff has failed to do so here. His Complaint should be dismissed.

### B. Plaintiff's Cursory Allegations of Discrimination and Retaliation Are Insufficient.

Plaintiff alleges in the preamble of the Complaint that "[t]he events of Retaliation, Ongoing Harassment, Equal Pay Compensation, age, and Race discrimination occurred this time between June 2012 & March 11, 2013." (Complaint at 1.) Over the next four pages, however, Plaintiff's allegations offer no further factual development. Liberally construing the Complaint, Plaintiff alleges:

- he experienced a decrease in pay, was promised money he never received, and that his manager "became hostile and devious towards [Plaintiff] because [Plaintiff] would not negotiate relo monies to suite [sic] him." (Complaint at 1);

- he was terminated from employment with JEG while working in New Orleans after going to the "main office" to "request appropriate monies and living expenses," despite performing his job well (Complaint at 2);

- as a result of his request for additional compensation for living expenses, he was "blackballed" by his superiors, experienced hostility from his immediate supervisor, and "was not considered" for certain promotional opportunities (Complaint at 3);

- his manager "performed an illegal performance evaluation" (Complaint at 4);

- he complained about not receiving a promotion over a four year period, in response to which JEG told him the company could not offer him a promotion due to insufficient funds (Complaint at 4);

- he was "terminated permanently without being considered for any position applied for as promised" (Complaint at 4);

- he has "valuable information to prove [his] charges . . . but someone will need to talk to [him] and receive documents to assist" (Complaint at 5);

- he was "constantly discriminated against because [he is] an intelligent black African American whom is not afraid to utilize knowledgeable U.S. rights & company policies and procedures." (Complaint at 5).

In sum, Plaintiff makes conclusory references to discrimination and retaliation in only two sentences that come at the beginning and end of his Complaint. Otherwise, at most, Plaintiff appears to allege JEG broke certain promises or failed to follow its own internal policies.

### 1. Plaintiff Has Not Set Forth a Viable Discrimination Claim.

In the wake of *Twombly* and *Iqbal*, Plaintiff's "naked assertions" of disparate treatment do not state a viable claim. *Iqbal*, 129 S. Ct. at 1949. For example, in *Iqbal*, the Supreme Court noted that the plaintiff's complaint of constitutional discrimination alleged that the governmental defendants "knew of, condoned, and willfully and maliciously agreed to subject [him] to harsh conditions of confinement as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest." *Id*. at 1951 (internal citations omitted). The Court further noted that "the complaint alleges that [Defendant] Ashcroft was the 'principal architect' of this invidious policy and that [Co-Defendant] Mueller was 'instrumental' in adopting and executing it." *Id*. Nonetheless, the Supreme Court concluded "these bare assertions . . . amount to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim." *Id*. at 1951. Thus, dismissal under Rule 12(b)(6) was proper. *Id*.

Plaintiff's allegations are far more threadbare than the insufficient allegations of discriminatory policymaking found in *Iqbal*. Conspicuously absent are any facts so much as suggesting JEG's actions, even if true, involved preferential treatment of white or younger employees. Likewise, Plaintiff offers no

factual allegations suggesting that JEG's actions were otherwise based on Plaintiff's race, age, or any other protected classification.  Accordingly, Plaintiff has not adequately pled discrimination claims.  *Hopkins*, 399 Fed. App'x at 566 (affirming dismissal where the complaint contained "no facts that would allow a court to infer that the school district treated those outside the class of African-American males more favorably"); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1271 (11th Cir. 2004) (affirming dismissal of race discrimination claim where "the facts alleged do not relate to the race of the plaintiffs, and the allegations relating to race are not factually supported"); s*ee also*, *Moon v. UPS*, 2012 U.S. Dist. LEXIS 10122, ** 6-9 (N.D. Ga. Jan. 3, 2012) (dismissing complaint where the *pro se* plaintiff alleged his employer failed to promote him, terminated him, and allowed coworkers to speak rudely to him because of his race, but lacked further factual development); *Ansley v Florida,* 2009 U.S. Dist. LEXIS 57916, * 5 (N.D. Fla. July 8, 2009)[1] (holding that after *Twombly* and *Iqbal* "[t]he plaintiff in an employment-discrimination case must allege facts that are either (1) sufficient to support a plausible inference of discrimination, or (2) sufficient to show, or at least support an inference, that he can make out a *prima facie* case under the familiar burden-shifting framework set forth in *McDonnell Douglas*

---

[1] Copies of all unpublished opinions cited herein are attached as Exhibit "A."

*Corp. v. Green* and its progeny"). Indeed, courts have dismissed complaints with far more specific allegations of discrimination. *See*, *e.g., Brown v. Costco Wholesale Corp.*, 2009 U.S. Dist. LEXIS 119207, * 6 (D. Md. Dec. 17, 2009) (dismissing discrimination claim under 42 U.S.C. § 1981 premised on the conclusory assertion of disparate treatment, noting "[a] conclusory statement that non-African Americans have been treated more favorably, without more, is insufficient to state a cause of action").

### 2. Plaintiff Has Not Set Forth a Viable Retaliation Claim.

Similarly absent are any allegations supporting Plaintiff's retaliation claim. Simply put, a retaliation claim under Title VII or the ADEA must be predicated upon an employment practice made unlawful *by the statute*. *See Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1187 (11th Cir. 1997) (noting retaliation claim requires opposition to a "practice which violates Title VII"); *Corfu v. Martin Cty. Bd. of Comms.*, 47 F.3d 1068, 1074 (11th Cir. 1995) (noting mistreatment "absent discrimination [on a protected basis] . . . is not an unlawful employment practice"); *Barber v. CSX Transp.*, 68 F.3d 694, 702 (3d Cir. 1995) ("[a] general complaint of unfair treatment does not translate into a charge of illegal . . . discrimination").

Plaintiff's Complaint is devoid of any allegations he complained about conduct made unlawful by Title VII or the ADEA. Accordingly, none of the

alleged facts suggest that Plaintiff engaged in some form of statutorily protected expression.  In the absence of such allegations, Plaintiff has not pled a viable claim for retaliation.  *See Hopkins*, 399 Fed. App'x at 566-567 (affirming dismissal of *pro se* plaintiff's retaliation claim, finding insufficient allegations to establish protected activity); *Brown*, 2009 U.S. Dist. LEXIS 119207, at ** 6-7 (holding dismissal proper because the plaintiff alleged no facts to support protected activity element).

### III.   CONCLUSION

Plaintiff's naked allegations of discrimination and retaliation fail to satisfy the *Twombly* test.  Accordingly, the Court should dismiss Plaintiff's Complaint.

Respectfully submitted this 16th day of December, 2013.

        /s/ *Brandon M. Cordell*
        Tracie Johnson Maurer
        Georgia Bar No. 395670
        Brandon M. Cordell
        Georgia Bar No. 142030

        ATTORNEYS FOR DEFENDANT
        JACOBS ENGINEERING GROUP INC.

JACKSON LEWIS P.C.
1155 Peachtree Street, NE, Suite 1000
Atlanta, Georgia  30309
Telephone:  (404) 525-8200
Facsimile:  (404) 525-1173
tracie.maurer@jacksonlewis.com
cordellb@jacksonlewis.com

## CERTIFICATION OF COMPLIANCE

I, Brandon M. Cordell, do hereby certify that this document has been prepared in Times New Roman font, 14 point, in compliance with LR 5.1B of this Court.

/s/*Brandon M. Cordell*
Brandon M. Cordell

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **CHARLES E. GORE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -v- | )  No.: 1:13-CV-2547-MHS-GGB |
| | ) |
| **JACOBS ENGINEERING GROUP,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify I have served the foregoing **MOTION TO DISMISS AND INCORPORATED MEMORANDUM** via electronic delivery through the Court's ECF system and via U.S. Mail and Federal Express upon:

> Mr. Charles E. Gore
> 35 Costley's Bridge Dr.
> Oxford, Georgia 30054
> *Plaintiff pro se*

This 16th day of December, 2013.

/s/ *Brandon M. Cordell*
Brandon M. Cordell